922 P.2d 1088

**Jeffrey J. SMITH, Petitioner–Appellant,**

**v.**

**STATE of Idaho, Respondent.**

**No. 21785.**

Court of Appeals of Idaho.

Aug. 14, 1996.

Manweiler, Bevis & Cameron, P.A., Boise, for appellant. Michael R. Johnson, argued.

Alan G. Lance, Attorney General; John C. McKinney, Deputy Attorney General, Boise, argued, for respondent.

LANSING, Judge.

In this case we are asked to review the summary dismissal of an application for post-conviction relief. After reviewing the record and the applicable law, we affirm.

## I.

### FACTS AND PROCEDURAL HISTORY

Jeffrey J. Smith was convicted of six counts of robbery with a sentence enhancement for the use a firearm. I.C. §§ 18–6501, 19–2520. He was sentenced to a unified term of twenty-five years, with a minimum period of confinement of ten years. Smith appealed his conviction to this Court. *See State v. Smith,* 119 Idaho 11, 802 P.2d 1223 (Ct.App.1990). During that direct appeal Smith raised two issues: whether the Interstate Agreement on Detainers mandated that

the charges against Smith be dismissed because his trial was untimely, and whether the trial judge erred in refusing to suppress evidence discovered during a search of Smith's home. This Court affirmed the orders of the district court denying the motions to dismiss and to suppress. *Id.*

Smith thereafter filed a pro se application for post-conviction relief. The district court dismissed the application on April 13, 1992. This Court reversed the dismissal order because counsel had not been appointed to represent Smith, as then mandated by I.C. § 19–4904 (1967).[1]

On remand, the district court appointed counsel to represent Smith. Through counsel Smith then filed an amended application for post-conviction relief. In his amended application, Smith sought to have his judgment of conviction set aside based upon several alleged instances of ineffective representation by his trial and appellate counsel. The State filed a response to the amended application for post-conviction relief, including an affidavit of the attorney who represented Smith in the criminal trial. The district court filed a notice of intent to dismiss, to which Smith responded. The district court then issued an order summarily dismissing the application. From that dismissal Smith now appeals.

## II.

### ANALYSIS

**A. Standard of Review**

■ An application for post-conviction relief initiates a proceeding which is civil in nature. *State v. Bearshield,* 104 Idaho 676, 678, 662 P.2d 548, 550 (1983); *Clark v. State,* 92 Idaho 827, 830, 452 P.2d 54, 57 (1969); *Murray v. State,* 121 Idaho 918, 921, 828 P.2d 1323, 1326 (Ct.App.1992). An applicant bears the burden of proving, by a preponderance of evidence, the allegations upon which the request for post-conviction relief is based.

---

1. Prior to amendment in 1993, Idaho Code Section 19–4904 provided: "[I]f the applicant is unable to pay court costs and expenses of representation, ... a court-appointed attorney *shall* be made available to the applicant in the preparation of the application, in the trial court, and on appeal...." The 1993 amendment substituted the word "may" for "shall." 1993 Idaho Sess. Laws, § 2, ch. 265 at 898.

I.C. § 19–4907; *Russell v. State,* 118 Idaho 65, 67, 794 P.2d 654, 656 (Ct.App.1990).

Idaho Code Section 19–4906 authorizes summary disposition of an application for post-conviction relief, either pursuant to motion of a party or upon the court's own initiative. Summary dismissal is permissible only when the applicant's evidence has raised no genuine issue of material fact which, if resolved in the applicant's favor, would create a right to the requested relief. If the evidence frames such a factual issue, an evidentiary hearing must be conducted. *Gonzales v. State,* 120 Idaho 759, 763, 819 P.2d 1159, 1163 (Ct.App.1991); *Hoover v. State,* 114 Idaho 145, 146, 754 P.2d 458, 459 (Ct. App.1988). In determining whether summary dismissal is appropriate, however, the court is not required to accept either the applicant's conclusory allegations, unsupported by facts in evidence, or the applicant's conclusions of law. *Roman v. State,* 125 Idaho 644, 647, 873 P.2d 898, 901 (Ct.App. 1994); *Baruth v. Gardner,* 110 Idaho 156, 159, 715 P.2d 369, 372 (Ct.App.1986). On review of a dismissal of a post-conviction application without an evidentiary hearing, we will determine whether a genuine issue of fact exists based on the pleadings, depositions, affidavits and other evidence on file, while construing the facts and reasonable inferences in favor of the non-moving party. *Ricca v. State,* 124 Idaho 894, 896, 865 P.2d 985, 987 (Ct.App.1993).

An application for post-conviction relief is an appropriate vehicle to raise claims of ineffective assistance of counsel. To prevail on such a claim the applicant must show that counsel's representation in the criminal proceedings was deficient and that the deficiency was prejudicial. *State v. Roles,* 122 Idaho 138, 144, 832 P.2d 311, 317 (Ct.App. 1992), *citing Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). In order to prove counsel was deficient, an applicant must show that the attorney's conduct fell below an objective standard of reasonableness. *Strickland,* at 687–88, 104 S.Ct. at 2064–65; *Aragon v. State,* 114 Idaho 758, 760, 760 P.2d 1174, 1176 (1988). There is a strong presumption that trial counsel's performance falls within the wide range of professional assistance. *Id.* In order for the applicant to satisfy the second prong of the *Strickland* test, he or she must establish that there is a reasonable probability that, absent counsel's unprofessional errors, the outcome of the trial would have been different. *Aragon,* 114 Idaho at 761, 760 P.2d at 1177. An applicant must show that the deficient conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied upon as having produced a just result. *Ivey v. State,* 123 Idaho 77, 80, 844 P.2d 706, 709 (1992). Therefore, in reviewing the ineffective assistance claims, we must determine whether Smith alleged facts in his amended post-conviction relief application, which, if proven true, establish that counsel was deficient and that this deficiency prejudiced the defense.

**B. Trial Counsel's Preparation**

Smith claimed in his amended application that his trial counsel had too little time to prepare for trial, failed to move for a continuance in which to remedy that deficiency and consequently went to trial while unfamiliar with the case and the evidence.

The district court considered an affidavit from Smith's trial counsel which contradicted the above allegations. The court found that Smith had identified no action that defense counsel could have taken or facts which could have been discovered that would have produced a different result at trial.

On appeal, Smith vaguely asserts that he raised genuine factual issues regarding counsel's performance at trial that must be resolved at an evidentiary hearing, but he does not identify what any of those factual issues are. We agree with the district court that Smith has not identified anything that could or should have been done differently had trial counsel requested a longer period to prepare. He has not provided any specific examples of beneficial evidence that was available but not utilized at trial, or of cross-examination of witnesses that was incomplete or improperly conducted. In short, he has not pointed to a single deficiency in trial counsel's performance. Therefore, the evidence on this claim does not raise a factual

issue as to either prong of the *Strickland* test, and summary dismissal was appropriate.

### C. Trial Counsel's Handling of In–Court Statements Made in Wyoming

Smith was arrested in Wyoming for attempted robbery. While Smith was being held in Wyoming, a detective from Idaho questioned Smith, and Smith confessed to several robberies committed in Boise. Smith pleaded guilty to the attempted robbery charge in Wyoming. During a consolidated arraignment and sentencing proceeding in Wyoming, Smith again confessed to several robberies in the Boise area.

▬ The district court, in the underlying criminal action, suppressed the confession Smith made to the Idaho detective, but allowed a transcript of the second confession into evidence during trial. In his amended application, Smith alleged that evidence of the Wyoming conviction and the transcript of his in-court confession were inadmissible under I.R.E. 404(b), that his trial counsel failed to properly object to the evidence, and that trial counsel failed to move for a limiting instruction that would have prevented the use of the evidence as character evidence. These allegations of deficient performance were not mentioned or supported by argument or authority in Smith's brief on appeal. The failure to support an issue with argument and authority is deemed a waiver. I.A.R. 35(a)(6); *In re Logan,* 120 Idaho 226, 231, 815 P.2d 35, 40 (Ct.App.1991), *cert. denied,* 504 U.S. 976, 112 S.Ct. 2948, 119 L.Ed.2d 571 (1992). *See also State v. Burris,* 101 Idaho 683, 684 n. 1, 619 P.2d 1136, 1137 n. 1 (1980).

▬ During oral argument before this Court, Smith's counsel introduced the argument that the in-court confession in Wyoming was a product of the earlier confession to the Idaho detective and therefore was "fruit of the poisonous tree." *See Wong Sun v. United States,* 371 U.S. 471, 83 S.Ct. 407, 9 L.Ed.2d 441 (1963). According to this argument, trial counsel was ineffective because he did not seek to suppress the in-court confession as a product of the tainted statement obtained by the detective. This basis for a claim of ineffective assistance of counsel was not raised in Smith's amended application or in his response to the district court's notice of intent to dismiss that application.[2] Issues not presented to the trial court generally will not be considered on appeal. *State v. Fodge,* 121 Idaho 192, 195, 824 P.2d 123, 126 (1992); *Sanchez v. Arave,* 120 Idaho 321, 322, 815 P.2d 1061, 1062 (1991). Accordingly, we affirm the dismissal of this claim.

### D. Trial and Post–Trial Counsel's Advice Regarding Motion to Reduce Sentence

Smith's third contention in his amended application was that trial and appellate counsel neither filed an I.C.R. 35 motion for reduction of his sentence nor informed him that he could file such a motion. On appeal, Smith contends that it is not necessary to show that he was prejudiced by counsel's failure to file the motion. He asserts that this allegation is supported by the rule that a deprivation of the right to counsel occurs when an appointed attorney fails to file an appeal as requested by a convicted defendant, without any need to identify a meritorious issue that could have been raised on appeal. *See Beasley v. State,* 126 Idaho 356, 361, 883 P.2d 714, 719 (Ct.App.1994); *Ricca,* 124 Idaho at 898, 865 P.2d at 989.

▬ We disagree. A rule 35 motion is not analogous to an appeal, and the considerations discussed in *Beasley* with respect to the loss of an opportunity to appeal do not apply to motions under I.C.R. 35. Rather, this case is governed by *Hassett v. State,* 127 Idaho 313, 900 P.2d 221 (Ct.App.1995), where

---

**2.** Smith did raise the fruit of the poisonous tree argument in his initial pro se application and a memorandum supporting that application. However, the claim was not renewed in the amended application. When filed, an amended pleading supersedes the original and causes it to cease to function as a pleading. *Ernst v. Hemenway and Moser, Co., Inc.,* 120 Idaho 941, 946–47, 821 P.2d 996, 1001–02 (Ct.App.1991). Post-conviction proceedings are civil in nature and follow the civil rules. *Hooper v. State,* 127 Idaho 945, 949, 908 P.2d 1252, 1256 (Ct.App.1995). Hence, Smith's initial application has been superseded by that filed through his attorney and is no longer effective as a pleading.

we held that a post-conviction applicant is required to show prejudice arising from his counsel's failure to file a I.C.R. 35 motion for reduction of sentence. To establish prejudice, the applicant must show a reasonable probability that, but for his attorney's inadequate performance, Rule 35 relief would have been granted. *Id.*

In an attempt to demonstrate prejudice, Smith provided evidence of substantial rehabilitation on his part that has occurred during his incarceration. He urges that such evidence would have supported a Rule 35 motion and may have resulted in a lower sentence. We conclude, as did the district court, that this evidence is essentially irrelevant, because it would not have been available to support a timely Rule 35 motion if such a motion had been filed by counsel. Idaho Criminal Rule 35 provides that unless the sentence is alleged to be illegal, a motion for reduction of a sentence must be filed within 120 days after the filing of the judgment of conviction. The evidence upon which Smith relies to show his post-sentencing rehabilitation was not available within 120 days of his conviction. Evidence showing that Smith has undergone a significant change in the years since he was first incarcerated does not establish that an I.C.R. 35 motion would have been successful during the first few months after he was convicted. Therefore, he has not provided any basis to believe that the district court abused its discretion in sentencing him or that evidence existed within 120 days of his conviction to indicate that a lesser sentence was appropriate. Because Smith's evidence does not tend to show a reasonable likelihood that a timely Rule 35 motion would have been successful, he has not raised a genuine factual issue on his claim that his counsel was ineffective for failure to pursue such a motion.

### E. Ineffective Assistance by Appellate Counsel

Smith next asserts that his appellate counsel was ineffective in failing to raise three issues during the appeal from the judgment of conviction:

### (1) Trial counsel's ineffectiveness

Smith claims that his appellate attorney should have raised as an issue on appeal his trial counsel's ineffectiveness. It is well established that ineffective assistance of counsel claims are generally not appropriate for direct appeal and are preferably brought through an application for post-conviction relief. *See State v. Mitchell,* 124 Idaho 374, 859 P.2d 972 (Ct.App.1993); *State v. Koch,* 116 Idaho 571, 777 P.2d 1244 (Ct.App. 1989). It follows that an appellate attorney's refusal to assert trial counsel's ineffectiveness as an issue on direct appeal is generally not ineffective assistance by the appellate attorney. Further, Smith's claims that his trial counsel was ineffective have been disposed of above and found not to be meritorious.

### (2) Denial of the motion to sever

Smith next asserts that his appellate counsel should have appealed the denial of Smith's motion to sever the charges for trial. In his appeal brief, he refers to this argument in a summary fashion, and claims that this issue required a factual determination and therefore an evidentiary hearing. What factual issues need to be resolved are not identified by Smith, nor has he presented a single legal authority to support his position that the consolidation of the criminal cases for trial was reversible error.

A motion for separate trials is directed to the court's discretion. *State v. Gooding,* 110 Idaho 856, 857, 719 P.2d 405, 406 (Ct.App.1986). Idaho Criminal Rule 14 provides for relief from joinder when it appears that a defendant or the state is prejudiced by a joinder of offenses. In the criminal case, the State urged that the crimes were so similar as to justify consolidated prosecution, without prejudice to the defendant. The State takes the same position on appeal. In addition, the State contends that the issue is a legal one, not a factual one, and did not require an evidentiary hearing. Smith has presented no facts or legal authority responsive to the State's argument. As stated above, when an assertion of error is not supported by argument or authority, it will not be considered by the appellate court.

**168**

We therefore affirm the district court's dismissal of the application in this regard.

### (3) Admission of the Wyoming transcript

Lastly, Smith contends that his appellate attorney was ineffective because he did not challenge the trial court's admission of the transcript of the Wyoming proceeding. As discussed above, his appellate brief contains no arguments or authority addressing why the transcript should have been excluded, and the argument he presented for the first time at the oral argument before this Court will not be considered because it was not raised below. Therefore, we affirm the dismissal of this claim.

### III.

### CONCLUSION

Smith has not shown the existence of any genuine issue of material fact which, if resolved in his favor, would have entitled him to post-conviction relief. Therefore, the district court properly dismissed Smith's application for post-conviction relief. We affirm.

WALTERS, C.J., and SWANSTROM, J. Pro Tem., concur.