34 P.3d 1110

In the Interest of John Doe, a Child Under 18 Years of Age.

STATE of Idaho, Plaintiff–Respondent,

v.

John DOE, a child under 18 years of age, Defendant–Appellant.

No. 25822.

Court of Appeals of Idaho.

Oct. 23, 2001.

Roy, Nielson Barini–Garcia, Twin Falls, for appellant. Lisa A. Barini–Garcia argued.

Hon. Alan G. Lance, Attorney General; Kenneth K. Jorgensen, Deputy Attorney General, Boise, for respondent. Kenneth K. Jorgensen argued.

PERRY, Judge.

John Doe appeals from the order of the district court affirming the magistrate's decree that Doe falls within the purview of the Juvenile Corrections Act (J.C.A.) for committing two counts of lewd conduct with a minor under sixteen and one count of battery. Doe also appeals from the district court's order denying Doe's motions for temporary remand and stay of briefing schedule. We affirm.

## I.

## FACTS AND PROCEDURE

While in therapy for drug addiction, seventeen-year-old Doe disclosed to his therapist that he had perpetrated unlawful sexual acts on a number of minor children. Doe's therapist sent a report of the disclosures to the Twin Falls County sheriff's office. An investigation was conducted and, on February 27, 1998, the state filed a petition charging Doe with four counts of lewd conduct with a minor under sixteen and one count of at-tempted lewd conduct with a minor under sixteen. On May 5, 1998, the state filed an amended petition against Doe, alleging three counts of lewd conduct with a minor under sixteen, one count of battery with the intent to commit a serious felony, and one count of battery. An evidentiary hearing was held on June 2, 3, and 9, 1998. The magistrate concluded that Doe fell within the purview of the Juvenile Corrections Act for committing two counts of lewd conduct with a minor under sixteen and one count of battery. At the sentencing hearing, the magistrate committed Doe to the custody of the state of Idaho Juvenile Corrections Department, ordered that Doe serve a total of 450 days in detention, suspended the detention, and placed Doe on probation for 36 months.

On July 17, 1998, Doe filed a timely appeal to the district court. Doe raised a number of issues, including that: the magistrate erred in admitting certain prior bad acts testimony pursuant to I.R.E. 404(b); the admission of Rule 404(b) testimony violated the Double Jeopardy Clause of the United States Constitution; the evidence was insufficient to support the magistrate's finding that Doe fell within the purview of the J.C.A.; and his trial counsel was ineffective. With regard to the ineffective assistance of counsel claim, Doe contended his trial counsel was deficient for failing to: (1) move to suppress statements Doe made to law enforcement during a 1994 interview on an unrelated case; (2) object to the opinion testimony of Doe's therapist and another expert, both of whom testified regarding the credibility of Doe's admissions; (3) object to inadmissible hearsay testimony; and (4) object to testimony regarding prior bad acts of which Doe had been acquitted. Doe filed two motions with the district court, seeking a temporary remand to the magistrate for the purpose of developing an evidentiary record to support his ineffective assistance of counsel claim and seeking to stay briefing on appeal until a transcript of that evidentiary hearing could be included in the appellate record.

On March 15, 1999, the district court heard oral argument on the motion for temporary remand and the motion to stay briefing. At the conclusion of the hearing, the district

court denied the motions, stating that the only rule it could identify that would give it the authority to remand the case was I.A.R. 13.3, which required good cause. The district court did not believe Rule 13.3 allowed a remand to develop a post-conviction relief record and, therefore, did not find good cause.

On May 24, 1999, the district court heard oral argument on the appeal. On July 20, the district court issued its written memorandum opinion, affirming the magistrate. With regard to the ineffective assistance of counsel claim, the district court concluded that trial counsel was deficient for: (1) failing to move to suppress Doe's 1994 statements to law enforcement; (2) for failing to object to the opinion testimony of Doe's therapist and another expert regarding the credibility of Doe's admissions; and (3) for failing to object to the testimony of an officer that related hearsay statements of an interviewer at the Children at Risk Evaluation Services (CARES) Program who stated she believed Doe committed the acts. The district court held that in spite of the errors committed, there was substantial evidence to find that Doe committed the acts. Therefore, the district court concluded that Doe failed to demonstrate that his counsel's errors prejudiced him or so undermined the proper functioning of the adversarial process that the trial could not be relied upon as having produced a just result. The district court also held that the admission of the Rule 404(b) testimony did not violate the Double Jeopardy clause of the United States Constitution and, even if all the Rule 404(b) evidence was admitted in error, substantial evidence remained to find Doe guilty beyond a reasonable doubt. Doe filed an appeal from the district court's decision, arguing essentially the same issues and also challenging the district court's denial of his motions to remand and to stay the briefing schedule.

## II.

### STANDARD OF REVIEW

On review of a decision of the district court, rendered in its appellate capacity, we examine the record of the trial court independently of, but with due regard for, the district court's intermediate appellate de-

cision. *In re Doe*, 133 Idaho 811, 813, 992 P.2d 1211, 1213 (Ct.App.1999). When a violation of a constitutional right is asserted, the appellate court should give deference to the trial court's factual findings unless those findings are clearly erroneous. *Id.* However, the appellate court exercises free review over the trial court's determination as to whether constitutional requirements have been satisfied in light of the facts found. *Id.*

## III.

### ANALYSIS

#### A. Admission of Rule 404(b) Evidence

Doe argues the magistrate erred in admitting certain testimony over trial counsel's objection without determining the testimony to be relevant under Rule 404(b) and not unduly prejudicial under I.R.E. 403.

Idaho Juvenile Rule 15(f) provides that the rules of evidence in a Juvenile Corrections Act evidentiary hearing are the same as the rules that apply in a criminal proceeding. Idaho Rule of Evidence 404(b) provides:

Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident, provided that the prosecution in a criminal case shall file and serve notice reasonably in advance of trial, or during trial if the court excuses pretrial notice on good cause shown, of the general nature of any such evidence it intends to introduce at trial.

In determining the admissibility of evidence of prior bad acts, this Court applies a two-prong analysis. First, the evidence must be relevant to a material disputed issue concerning the crime charged. *State v. Moore*, 120 Idaho 743, 745, 819 P.2d 1143, 1145 (1991). Whether evidence is relevant is an issue of law. *State v. Atkinson*, 124 Idaho 816, 819, 864 P.2d 654, 657 (Ct.App.1993). Therefore, when considering admission of evidence of prior misconduct, we exercise free review of the trial court's relevancy determi-

nation. *Id.* The second step in the analysis is the determination of whether the probative value of the evidence is substantially outweighed by unfair prejudice. *Id.* When reviewing this step we use an abuse of discretion standard. *Id.* When a trial court's discretionary decision is reviewed on appeal, the appellate court conducts a multi-tiered inquiry to determine: (1) whether the lower court correctly perceived the issue as one of discretion; (2) whether the lower court acted within the boundaries of such discretion and consistently with any legal standards applicable to the specific choices before it; and (3) whether the lower court reached its decision by an exercise of reason. *State v. Hedger,* 115 Idaho 598, 600, 768 P.2d 1331, 1333 (1989).

 Trial counsel objected to the testimony of three witnesses, each of whom testified regarding unlawful sexual acts Doe had been accused of perpetrating on two minors during a 1994 camping trip. Based upon these same acts, a petition was filed charging Doe with lewd conduct with a minor under sixteen. An evidentiary hearing was held and Doe was acquitted of all charges. During the course of the evidentiary hearing in the present case, the prosecutor produced three witnesses who testified regarding the acts, referred to as the "canyon incident." Doe's trial counsel objected three times that the proffered testimony regarding the canyon incident was irrelevant and highly prejudicial in light of the fact that Doe had been acquitted of all charges. The transcript reveals that the magistrate made implicit findings that the testimony was relevant upon the prosecutor's explanation that the evidence was being introduced to prove motive, intent, and plan:

> The court would note that the court was relying upon the two Idaho cases that— that the court's aware of . . . *State v. Lewis* and *State v. Pappier* and *Costellio.* I guess there [were] three cases. And the court notes the rule says, "such as," it's not limited to those specific items so the court is relying on the—on its understanding of those legal principles and it's—is the determination to allow that to go forward, at least at this time and also the fact that this is a court hearing as opposed to a jury hearing.

The magistrate later clarified that it had also conducted a balancing test under I.R.E. 403:

> The court recognizes the discretion that's exercised in regard to this matter. The court does find that the evidence, the probative value of the evidence outweighs the prejudicial impact based upon the prior rulings that the court has made and notice of cases that have discussed this issue.

> Therefore, the court will allow the evidence under 404(b) for 404(b) purposes only.

 Exercising free review of the relevancy determination, we agree with the magistrate's conclusion that the proffered testimony was relevant under Rule 404(b). Evidence of similar acts of sexual misconduct by a defendant against another witness is admissible for corroboration of the victim's testimony in sex crime cases. *State v. Tolman,* 121 Idaho 899, 904, 828 P.2d 1304, 1309 (1992). Evidence of all the incidents of abuse, taken together, may provide an evidentiary plan or pattern that tends to make the alleged incident more plausible and probable. *Id.* The canyon incident involved similar sexual acts, victims of similar ages, and victims of the same sex as the victims in the present case. In addition, the record demonstrates that the magistrate recognized the determination of the prejudicial effect of the testimony as a matter of discretion, that it acted within the boundaries of its discretion and consistent with legal standards, and that it reached its decision by an exercise of reason. Therefore, the magistrate did not abuse its discretion in finding the probative value of the evidence was not substantially outweighed by the risk of unfair prejudice.

 Doe also argues that his previous acquittal on charges stemming from the canyon incident rendered the proffered testimony inadmissible. The United States Supreme Court confronted a similar argument in a case involving a defendant convicted of robbery. *See Dowling v. United States,* 493 U.S. 342, 110 S.Ct. 668, 107 L.Ed.2d 708 (1990). Prior to his robbery trial, Dowling was acquitted of burglary charges stemming from a breaking and entering of a woman's house. Later, during Dowling's robbery trial, the victim from the previous case was

called to testify regarding the breaking and entering incident. The woman identified Dowling and another man as the intruders who broke into her home. The testimony was offered for identification and to show Dowling's association with the other intruder, who had been seen outside the bank at the time of the robbery. On the appeal from his robbery conviction, Dowling argued that the woman's testimony was inadmissible under the collateral estoppel provision of the Double Jeopardy Clause of the United States Constitution and that the admission of the testimony violated his right to due process. The Supreme Court held that the woman's testimony was admissible because the prior acquittal had not determined the ultimate issue in the robbery case—whether Dowling had committed the bank robbery. *Dowling*, 493 U.S. at 348, 110 S.Ct. at 672, 107 L.Ed.2d at 717. Dowling also argued the testimony was inadmissible because a jury had previously found him not guilty, so therefore he could not have been the man the woman saw at her home. The Supreme Court disagreed, stating that in order to present the woman's testimony under F.R.E. 404(b), the government did not have to show beyond a reasonable doubt that Dowling committed the intrusion, but only that a jury could reasonably conclude that the intrusion occurred and that Dowling committed the intrusion. *Id.* Therefore, the Supreme Court held that an acquittal in a criminal case does not preclude the government from relitigating an issue when it is presented in a subsequent action governed by a lower standard of proof. *Id.* at 349, 110 S.Ct. at 672, 107 L.Ed.2d at 717.

Following the *Dowling* rationale in this case, Doe's argument fails. Doe does not argue that it was unreasonable for the magistrate to conclude that the acts were committed or that Doe was the one who committed the acts. Thus, we conclude that Doe has failed to show that the magistrate erred in admitting the testimony regarding the canyon incident.

### B. Sufficiency of the Evidence

Doe argues the magistrate erred by failing to enter adequate findings of fact to support its conclusion that Doe committed acts that brought him within the purview of the J.C.A. Doe also contends that the evidence present-

ed was insufficient to support the magistrate's finding that Doe committed two counts of lewd conduct with a minor under sixteen and one count of battery.

■ Doe first contends the magistrate's findings failed to comport with the requirements of Idaho Juvenile Rule 15(i), which provides:

> The court shall make a finding as to whether or not the juvenile has committed acts which bring the juvenile within the purview of the J.C.A. In making this finding, the court shall consider only admissible evidence introduced at the hearing and shall not consider any reports, documents, or other information obtained by the judge in making an initial inquiry in the proceeding.

Specifically, Doe contends that the magistrate erred by failing to detail the evidence it relied on in finding Doe guilty. However, the plain language of the rule only requires the magistrate to make a finding whether the juvenile has committed acts that bring the juvenile within the purview of the J.C.A. The record establishes that the magistrate met the statutory requirement. The magistrate made oral findings in open court, and written findings that Doe had committed three of the charged offenses and that Doe therefore fell within the purview of the J.C.A. Idaho Juvenile Rule 15(i) requires no greater detail.

Doe next argues that after excluding evidence improperly admitted pursuant to Rule 404(b), insufficient evidence remains to find him guilty beyond a reasonable doubt. Since we have not concluded that any evidence was improperly admitted, substantial evidence existed to support the magistrate's finding that Doe committed acts placing him within the purview of the J.C.A.

### C. Ineffective Assistance of Counsel

Doe contends that his trial counsel was ineffective throughout the course of the evidentiary hearing and, therefore, Doe was denied his Sixth Amendment right to assistance of counsel. This appeal presents a question of whether, and how, a juvenile who has been adjudicated to be within the purview of the J.C.A. can raise a claim for post-

adjudication relief based upon ineffective assistance of counsel.

■ Idaho law provides that a juvenile defendant has the right to counsel. I.C. § 20–516. The United States Supreme Court has also recognized that juveniles have a constitutional right to counsel similar to that of adults. *See In re Gault,* 387 U.S. 1, 35, 87 S.Ct. 1428, 1448, 18 L.Ed.2d 527, 550 (1967). The right to counsel is more than the right to have a lawyer present with the defendant during the trial; it is the right to effective assistance of counsel throughout the proceedings, so as to ensure a fair trial. *Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).

It necessarily follows that, if a defendant has a right to effective assistance of counsel, the defendant must have a procedure available to assert a claim that he or she received ineffective assistance of counsel. A constitutional right affords no protection if there is no remedy for violations of that right. Idaho adult criminal defendants may challenge the effectiveness of their trial counsel through the Uniform Post Conviction Procedures Act (UPCPA), I.C. § 19–4901 to –4911. However, both Doe and the state agreed below that the UPCPA was unavailable to juveniles because, although the UPCPA speaks in terms of persons "convicted of crimes," the J.C.A. does not state that juveniles are convicted, but instead found "to come within the purview of the act." *Compare* I.C. § 19–4901 *with* § 20–519. Therefore, Doe argued that a direct appeal was the only means available for him to bring an ineffective assistance of counsel claim. The state, on appeal, now argues that Doe can bring his claim through an application for a writ of habeas corpus or through a post-trial motion—specifically a motion for a new trial.

■ Doe was seventeen at the time he was found to be within the purview of the act. The acts he was found to have committed included lewd conduct with a minor under the age of sixteen. I.C. § 18–1508. This is a crime that would be a felony if committed by an adult and would result in a possible sentence of life in prison. As a result of the magistrate's finding, Doe is now required to register as a sex offender for the next ten years, just like any adult convicted of violating I.C. § 18–1508. I.C. §§ 18–8403, –8407, –8410. Doe must now live with the stigma and rigorous registration requirements that result from being labeled a sex offender. In light of the fact that juvenile offenders, including Doe, oftentimes face consequences very similar to those faced by adult offenders, we agree that Doe must be given *some* opportunity, just like any adult would be, to challenge the effectiveness of his counsel.

The district court addressed Doe's ineffective assistance of counsel claims in his direct appeal on the record then provided. The initial issue before this Court then is can this Court, or should this Court, address Doe's post-conviction claims in their current procedural posture. The issue of how a juvenile may bring a claim for ineffective assistance of counsel is a question of first impression in this state.

■ Factual questions relating to the competency of counsel generally pose a dilemma for an appellate court attempting to review the record; in such circumstances a separate hearing usually is required. *See Smith v. State,* 129 Idaho 162, 165, 922 P.2d 1088, 1091 (Ct.App.1996). A claim of ineffective assistance of counsel is an issue rarely appropriate on direct appeal from a judgment of conviction; rather it is usually reserved for post-conviction relief proceedings, where a more complete evidentiary record can be developed. *State v. Osborne,* 130 Idaho 365, 372, 941 P.2d 337, 344 (Ct.App. 1997). The resolution of such factual issues for the first time on appeal, based upon a trial record in which competence of counsel was not at issue, is at best conjectural. *State v. Mitchell,* 124 Idaho 374, 376, 859 P.2d 972, 974 (Ct.App.1993). Post-conviction counsel must have the ability to develop a separate evidentiary record on an ineffective assistance of counsel claim, including the ability to call witnesses and present evidence in a separate civil proceeding. This Court has consistently held that the appropriate procedure for adult criminal defendants to bring an ineffective assistance of counsel claim is through an application for post-conviction relief. *See State v. Santana,* 135 Idaho 58, 67, 14 P.3d 378, 387 (Ct.App.2000); *State v.*

*Scroggie*, 110 Idaho 103, 107, 714 P.2d 72, 76 (Ct.App.1986); *State v. Darbin*, 109 Idaho 516, 523, 708 P.2d 921, 928 (Ct.App.1985). In this case, the record on appeal does not provide sufficient evidence to evaluate Doe's ineffective assistance of counsel claim. Therefore, we conclude that any attempt to decide Doe's ineffective assistance of counsel claim on direct appeal would be, at best, conjectural.[1]

In determining which procedural mechanism would best suit a juvenile's ineffective assistance claim, we examine the remedies suggested by the state. At oral argument, the state asserted that Doe's claims could be brought either through an application for a writ or habeas corpus or through a motion for a new trial.

The remedy of habeas corpus is only available to in-state prisoners, out-of-state prisoners, and persons who are not prisoners that believe their liberty is unlawfully restrained by the state. I.C. § 19–4203. Moreover, I.C. § 19–4204(2)(c) states that a person who is not a prisoner shall include in an application for writ of habeas corpus the name and address of the place in which the person is restrained. Idaho Code Section 19–4212 addresses injunctive relief available to persons who are not prisoners and states that a court may fashion appropriate injunctive relief to cure the unlawful restraint, including release. It is clear from the wording of these statutes that habeas corpus is a remedy limited to persons who are actually confined either in a correctional facility or some other form of confinement, and habeas corpus is utilized to effect a person's release from a correctional facility or other such relief. As such, habeas corpus, if even available, would only be available to those juveniles who are actually confined in a juvenile correctional facility. Therefore, if this were the procedural mechanism for asserting an ineffective assistance of counsel claim, once a juvenile was released and placed on probation, he or she arguably would lose the ability to challenge the effectiveness of counsel.

As for the other remedy proffered by the state, I.J.R. 21 provides for the application of certain Idaho Criminal Rules to juvenile proceedings, including I.C.R. 34, the rule governing a motion for a new trial. However, Rule 34 only sets forth the standard that a trial court must use in issuing a decision on a motion for a new trial. Idaho Code Section 19–2406 sets forth the exclusive bases for a motion for a new trial. *See State v. Gomez*, 126 Idaho 83, 86, 878 P.2d 782, 785 (1994). Ineffective assistance of counsel is not one of the grounds listed in I.C. § 19–2406. The Idaho Supreme Court has held that ineffective assistance of counsel is not a proper basis for a motion for a new trial, but rather is a claim more appropriately considered through an application for post-conviction relief. *See State v. Roberts*, 129 Idaho 194, 197, 923 P.2d 439, 442 (1996). In addition, a motion for a new trial is only available for fourteen days following the verdict.[2] Thus, we are unpersuaded by the state's assertion that, in juvenile proceedings, ineffective assistance of counsel claims can be brought by a post-trial motion, such as a motion for a new trial.

After taking into consideration the appellate courts' disfavor of addressing ineffective

1. We do recognize that some states have addressed juvenile claims of ineffective assistance of counsel in a direct appeal. *See In re Parris W.*, 363 Md. 717, 770 A.2d 202 (2001); *In the Matter of Brandon Smith*, 393 Pa.Super. 39, 573 A.2d 1077 (1990). However, it should be noted that these cases are distinguishable from the present case. In *Parris W.*, the Maryland court addressed the ineffective assistance claim on direct appeal because it believed the trial record was developed sufficiently to permit review and evaluation of the merits of the claim. *Parris W.*, 770 A.2d at 207. In *Smith*, the Pennsylvania court held that post-adjudication motions were the appropriate means by which allegations of ineffective assistance of counsel should be brought before the trial court and preserved for appellate review. *Smith*, 573 A.2d at 1082. In this case, there is not a sufficient record to permit review and evaluation of Doe's claim. Also, although I.J.R. 21 incorporates certain Idaho Criminal Rules pertaining to post-trial motions, none of those incorporated rules provide a mechanism to supplement the trial record to include evidence pertaining to ineffective assistance of counsel.

2. Juveniles, like adult criminal defendants, would suffer a great disservice if their ability to assert a fundamental constitutional right rested on the ability of trial counsel to recognize his or her own lack of effectiveness and file a motion for a new trial detailing his or her own errors within two weeks of the evidentiary or sentencing hearing.

assistance claims on direct appeal, and the inapplicability of a motion for a new trial and an application for writ of habeas corpus, the only practical remedy available for a juvenile to challenge the effectiveness of trial counsel remains the UPCPA. The UPCPA provides for a separate civil proceeding, with an evidentiary hearing to present evidence and create an evidentiary record regarding the ineffectiveness of trial counsel. *See* I.C. § 19–4907. Like a plaintiff in a civil action, the applicant must prove by a preponderance of evidence the allegations upon which the request for post-conviction relief is based. *Follinus v. State*, 127 Idaho 897, 899, 908 P.2d 590, 592 (Ct.App.1995).

This is the remedy utilized by adult criminal defendants who challenge the effectiveness of trial counsel. Although no Idaho appellate court has determined whether the UPCPA is available to juveniles, I.C. § 19–4901 states that the UPCPA is available to any person who has been convicted of, *or sentenced for*, a crime. Idaho Code Section 20–520 is entitled "Sentencing," and speaks in terms of sentencing a juvenile to set periods of detention for each unlawful or criminal act that would be either a misdemeanor or felony if committed by an adult. I.C. § 20–520(c), (d). Also, the J.C.A. does not expressly prohibit juveniles from bringing claims under the UPCPA. Therefore, we conclude that the UPCPA is available to a juvenile as a procedural mechanism to challenge the effectiveness of trial counsel.

Other states have also concluded that a separate proceeding provides the best opportunity for an appellate court's full and fair consideration of a juvenile's ineffective assistance of counsel claim. *See D.D.K. v. State*, 750 N.E.2d 885 (Ind.Ct.App.2001); *State v. Powell*, 578 N.W.2d 727 (Minn.1998). In *D.D.K.*, a juvenile appealed from the trial court's order finding that D.D.K. committed misdemeanor battery upon a classmate and adjudicating D.D.K. a delinquent. One of D.D.K.'s claims on direct appeal was that his trial counsel was ineffective. The Indiana Court of Appeals concluded that an evidentiary hearing was needed in order to evaluate the reasons for trial counsel's alleged errors, because the appellate court had no ability to engage in fact-finding or take new evidence. The Indiana court stated that the proper procedure under such circumstances was to request that the appeal be suspended so that a more thorough record could be developed through post-conviction proceedings. In *Powell*, a juvenile appealed his conviction for second degree murder. Although Powell was tried in adult court, he challenged the effectiveness of his counsel both at trial and at the waiver proceeding in juvenile court. The Minnesota Court of Appeals stayed Powell's appeal and remanded the case to the trial court for post-conviction proceedings on the issue of ineffective assistance of counsel. The post-conviction proceedings were bifurcated, with the claim of ineffective assistance during trial assigned to the trial judge, and the claim of ineffective assistance during the waiver hearing assigned to the juvenile court judge.

We agree with the reasoning set forth in these cases that a post-conviction proceeding is the best and most appropriate method to create an evidentiary record that is adequate to evaluate an ineffective assistance of counsel claim. In addition, these cases determined that the same trial court that presided over the trial resulting in the conviction at issue should conduct the post-conviction proceedings. This is also true under Idaho law. *See* I.C. § 19–4907. The same court that heard the evidence in the criminal case is in the best position, utilizing the knowledge base gained from the prior proceedings, to listen to the testimony presented in the post-conviction proceeding and judge the credibility of the various witnesses. This knowledge base places the trial judge in the best position to conclude whether the deficient performance of counsel did in fact contribute to a finding against the defendant. After a thorough examination of the law of other jurisdictions, our statutory law, and our court rules, we hold that the most appropriate and effective procedural mechanism for a juvenile to bring an ineffective assistance of counsel claim is the UPCPA.

If we were to address Doe's ineffective assistance claim in this appeal, our decision would become res judicata in any UPCPA action filed at a later date. *See State v. Santana*, 135 Idaho 58, 67, 14 P.3d 378, 387 (Ct.App.2000). We do not want to bar Doe's opportunity of presenting his claim to the

**436**

magistrate and, therefore, decline to address Doe's ineffective assistance claim in this direct appeal.

**D. Motions to Remand and Stay Briefing Schedule**

Doe argues that the district court erred in failing to grant his motion for temporary remand because in order to present necessary evidence on his ineffective assistance claim, he needed a remand to the magistrate to develop that evidentiary record. In light of our conclusion that the correct procedure by which a juvenile should bring an ineffective assistance of counsel claim is an application under the UPCPA and not in a direct appeal, we conclude that the district court did not commit error by denying the motions to remand and stay the briefing schedule.

## IV.

## CONCLUSION

The magistrate did not err in determining that all proffered testimony regarding the canyon incident was relevant and that its probative value was not substantially outweighed by the risk of unfair prejudice. The magistrate did not err in failing to propound written findings detailing each fact that it relied upon in ruling that Doe was within the purview of the J.C.A. The district court did not err in holding that there was sufficient evidence to support the magistrate's findings. We hold that Doe's claim of ineffective assistance of counsel is more properly brought through an application under the UPCPA and, therefore, decline to address that claim in this direct appeal. We further hold that the district court did not err in denying Doe's motions to remand and stay the briefing schedule. We affirm the order of the district court, on appeal from the magistrate, affirming the decree that Doe fell within the purview of the Juvenile Corrections Act.

Judge LANSING, concurs.

Chief Judge SCHWARTZMAN, concurs in parts III A & B and concurs in the result in parts III C & D.