IN THE COURT OF APPEALS OF THE STATE OF IDAHO
Docket No. 39751

| DUAINE FREDRICK EARL, | ) | 2013 Unpublished Opinion No. 703 |
| | ) | |
| Petitioner-Appellant, | ) | Filed: October 9, 2013 |
| | ) | |
| v. | ) | Stephen W. Kenyon, Clerk |
| | ) | |
| STATE OF IDAHO, | ) | THIS IS AN UNPUBLISHED |
| | ) | OPINION AND SHALL NOT |
| Respondent. | ) | BE CITED AS AUTHORITY |
| | ) | |

Appeal from the District Court of the Fifth Judicial District, State of Idaho, Minidoka County. Hon. Jonathan P. Brody, District Judge.

Judgment dismissing petition for post-conviction relief, affirmed.

Duaine Fredrick Earl, Rupert, pro se appellant.

Hon. Lawrence G. Wasden, Attorney General; Nicole L. Schafer, Deputy Attorney General, Boise, for respondent.

_____

GUTIERREZ, Chief Judge

Duaine Fredrick Earl appeals from the judgment dismissing his petition for post-conviction relief. Specifically, Earl asserts the district court erred by granting the State's motion for summary dismissal. For the reasons set forth below, we affirm.

## I.

## FACTS AND PROCEDURE

The district court set forth the following facts and procedure in its memorandum decision granting the State's motion for summary dismissal of Earl's petition for post-conviction relief:

Duaine Fredrick Earl was sentenced on March 6, 2000 after pleading guilty to violating I.C. 18-6101(1), rape. The court sentenced Mr. Earl to a unified sentence of ten (10) years with (1) year determinate, but retained jurisdiction. Mr. Earl was granted supervised probation upon returning from his rider but later violated that probation.

A report of the probation violation was filed on or about May 7, 2002 and Mr. Earl later failed to appear to his evidentiary hearing regarding that violation. Mr. Earl was later apprehended and admitted to violating his probation. Mr. Earl then had his original sentence imposed on November 25, 2002 and he was granted

1

credit for time served. The amount of time credited was left out of the original Order on Motion to Revoke Probation dated December 2, 2002, but based upon a stipulation by the parties in this action the time credited is 232 days.

Mr. Earl has filed an application for post-conviction relief and the State has moved for Summary Dismissal of the matter. Mr. Earl is asserting that he should be granted credit for time served on probation, and as such he should be released immediately as his full term release date under that calculation would have been February 24, 2010.

Following a hearing on the State's motion for summary dismissal, the district court granted the State's motion, addressing each of the four grounds and finding Earl alleged no genuine issue of material fact. The district court entered a judgment dismissing Earl's petition, and Earl timely appealed.

## II.

## ANALYSIS

A petition for post-conviction relief initiates a civil, rather than criminal, proceeding, governed by the Idaho Rules of Civil Procedure. *State v. Yakovac*, 145 Idaho 437, 443, 180 P.3d 476, 482 (2008). *See also Pizzuto v. State*, 146 Idaho 720, 724, 202 P.3d 642, 646 (2008). Like plaintiffs in other civil actions, the petitioner must prove by a preponderance of evidence the allegations upon which the request for post-conviction relief is based. I.C. § 19-4907; *Stuart v. State*, 118 Idaho 865, 869, 801 P.2d 1216, 1220 (1990); *Goodwin v. State*, 138 Idaho 269, 271, 61 P.3d 626, 628 (Ct. App. 2002). A petition for post-conviction relief differs from a complaint in an ordinary civil action, however, in that it must contain more than "a short and plain statement of the claim" that would suffice for a complaint under Idaho Rule of Civil Procedure 8(a)(1). *State v. Payne*, 146 Idaho 548, 560, 199 P.3d 123, 135 (2008); *Goodwin*, 138 Idaho at 271, 61 P.3d at 628. The petition must be verified with respect to facts within the personal knowledge of the petitioner, and affidavits, records or other evidence supporting its allegations must be attached, or the petition must state why such supporting evidence is not included. I.C. § 19-4903. In other words, the petition must present or be accompanied by admissible evidence supporting its allegations or it will be subject to dismissal. *Wolf v. State*, 152 Idaho 64, 67, 266 P.3d 1169, 1172 (Ct. App. 2011); *Roman v. State*, 125 Idaho 644, 647, 873 P.2d 898, 901 (Ct. App. 1994).

Idaho Code § 19-4906 authorizes summary dismissal of a petition for post-conviction relief, either pursuant to motion of a party or upon the court's own initiative, if "it appears from

the pleadings, depositions, answers to interrogatories, and admissions and agreements of fact, together with any affidavits submitted, that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law." I.C. § 19-4906(c). When considering summary dismissal, the district court must construe disputed facts in the petitioner's favor, but the court is not required to accept either the petitioner's mere conclusory allegations, unsupported by admissible evidence, or the petitioner's conclusions of law. *Payne*, 146 Idaho at 561, 199 P.3d at 136; *Roman*, 125 Idaho at 647, 873 P.2d at 901. Moreover, because the district court rather than a jury will be the trier of fact in the event of an evidentiary hearing, the district court is not constrained to draw inferences in the petitioner's favor, but is free to arrive at the most probable inferences to be drawn from the evidence. *Yakovac*, 145 Idaho at 444, 180 P.3d at 483; *Wolf*, 152 Idaho at 67, 266 P.3d at 1172; *Hayes v. State*, 146 Idaho 353, 355, 195 P.3d 712, 714 (Ct. App. 2008). Such inferences will not be disturbed on appeal if the uncontroverted evidence is sufficient to justify them. *Chavez v. Barrus*, 146 Idaho 212, 218, 192 P.3d 1036, 1042 (2008); *Hayes*, 146 Idaho at 355, 195 P.2d at 714; *Farnsworth v. Dairymen's Creamery Ass'n*, 125 Idaho 866, 868, 876 P.2d 148, 150 (Ct. App. 1994).

Claims may be summarily dismissed if the petitioner's allegations are clearly disproven by the record of the criminal proceedings, if the petitioner has not presented evidence making a prima facie case as to each essential element of the claims, or if the petitioner's allegations do not justify relief as a matter of law. *Kelly v. State*, 149 Idaho 517, 521, 236 P.3d 1277, 1281 (2010); *McKay v. State*, 148 Idaho 567, 570, 225 P.3d 700, 703 (2010); *DeRushé v. State*, 146 Idaho 599, 603, 200 P.3d 1148, 1152 (2009); *Charboneau v. State*, 144 Idaho 900, 903, 174 P.3d 870, 873 (2007); *Berg v. State*, 131 Idaho 517, 518, 960 P.2d 738, 739 (1998); *Murphy v. State*, 143 Idaho 139, 145, 139 P.3d 741, 747 (Ct. App. 2006); *Cootz v. State*, 129 Idaho 360, 368, 924 P.2d 622, 630 (Ct. App. 1996). Thus, summary dismissal of a claim for post-conviction relief is appropriate when the court can conclude, as a matter of law, that the petitioner is not entitled to relief even with all disputed facts construed in the petitioner's favor. For this reason, summary dismissal of a post-conviction petition may be appropriate even when the State does not controvert the petitioner's evidence. *See Payne*, 146 Idaho at 561, 199 P.3d at 136; *Roman*, 125 Idaho at 647, 873 P.2d at 901.

Conversely, if the petition, affidavits and other evidence supporting the petition allege facts that, if true, would entitle the petitioner to relief, the post-conviction claim may not be

summarily dismissed. *Charboneau v. State*, 140 Idaho 789, 792, 102 P.3d 1108, 1111 (2004); *Berg*, 131 Idaho at 519, 960 P.2d at 740; *Stuart v. State*, 118 Idaho 932, 934, 801 P.2d 1283, 1285 (1990); *Sheahan v. State*, 146 Idaho 101, 104, 190 P.3d 920, 923 (Ct. App. 2008); *Roman*, 125 Idaho at 647, 873 P.2d at 901. If a genuine issue of material fact is presented, an evidentiary hearing must be conducted to resolve the factual issues. *Kelly*, 149 Idaho at 521, 236 P.3d at 1281; *Payne*, 146 Idaho at 561, 199 P.3d at 136; *Goodwin*, 138 Idaho at 272, 61 P.3d at 629.

On appeal from an order of summary dismissal, we apply the same standards utilized by the trial courts and examine whether the petitioner's admissible evidence asserts facts which, if true, would entitle the petitioner to relief. *Ridgley v. State*, 148 Idaho 671, 675, 227 P.3d 925, 929 (2010); *Berg*, 131 Idaho at 519, 960 P.2d at 740; *Sheahan*, 146 Idaho at 104, 190 P.3d at 923; *Roman*, 125 Idaho at 647, 873 P.2d at 901. Over questions of law, we exercise free review. *Rhoades v. State*, 148 Idaho 247, 250, 220 P.3d 1066, 1069 (2009); *Downing v. State*, 136 Idaho 367, 370, 33 P.3d 841, 844 (Ct. App. 2001); *Martinez v. State*, 130 Idaho 530, 532, 944 P.2d 127, 129 (Ct. App. 1997).

The arguments asserted by Earl in his post-conviction petition centered on his contention that his time spent on probation should be considered in calculating credit for time served. In addressing the State's motion for summary dismissal of the claim, the district court identified and addressed four grounds for relief asserted by Earl. On appeal, Earl reasserts three of these original arguments.[1] He also asserts numerous claims for the first time on appeal, including that he received ineffective assistance of counsel; he did not receive the benefit of "full faith and credit to judicial proceedings;" his Ninth and Tenth Amendment rights were violated; the district court judge was biased and should have been recused from the post-conviction proceeding; and he was denied "access to the courts" because he was not informed of the judge's prior employment as a prosecutor. It is well settled that generally this Court will not address issues not raised before the district court. *Small v. State*, 132 Idaho 327, 331, 971 P.2d 1151, 1155 (Ct. App. 1998). Further, several of these issues were asserted for the first time in Earl's reply brief on appeal. Issues raised for the first time in a reply brief will not be addressed on appeal. *Henman v. State*, 132 Idaho 49, 51, 966 P.2d 49, 51 (Ct. App. 1998). Thus, we address only the issues raised before the district court and now on appeal.

---

[1] Earl does not raise on appeal one of the issues addressed by the district court--that the sentencing court violated the Sentencing Reform Act of 1984. Thus, we do not address it.

Earl contended below that the failure to include his time on probation in calculating the credit for time served violated Idaho Code §§ 19-2603 and 20-209A, as he was not voluntarily absent from the control of the Board of Correction while on probation. As the district court pointed out, however, such an assertion is in contravention of the plain language of the statutes and case law interpreting the statutes. In *Taylor v. State*, 145 Idaho 866, 869-70, 187 P.3d 1241, 1244-45 (Ct. App. 2008), the petitioner made the same argument. We rejected the argument, specifically noting that both section 19-2603 and section 20-209A, make clear that credit for time served is not based on any factor other than actual incarceration, ignoring whether a defendant remained in the Board of Correction's "custody." *Taylor*, 145 Idaho at 869-70, 187 P.3d at 1244-45. Thus, the district court did not err in summarily dismissing Earl's claim in this regard.

Earl also asserted below that the failure to include his time on probation as part of his credit for time served would, in effect, extend the length of his maximum sentence and amount to a new punishment for the same crime in violation of his Fifth Amendment right against double jeopardy. As the district court found, there is no legal support for this assertion; the revocation of Earl's probation merely resulted in the imposition of the *original* sentence that he had been given the opportunity to avoid, but had squandered by violating the conditions of his release. *See* I.C. § 20-222. The district court did not err in summarily dismissing this claim.

Earl also asserted the failure to credit his time on probation as time served was a violation of his Fourteenth Amendment rights. The district court summarily dismissed the claim, noting:

> After review of this matter, this Court has found no violation of Mr. Earl's 14th Amendment Rights. Mr. Earl was afforded due process in every action against him and the court acted lawfully throughout the course of this matter. Mr. Earl has offered no legal support for this claim . . . .

Although Earl lists this as an issue on appeal, he provides no argument or authority that the district court erred in making this determination. Thus, we affirm the summary dismissal of this issue. *See Smith v. State*, 129 Idaho 162, 167, 922 P.2d 1088, 1093 (Ct. App. 1996) ("[W]hen an assertion of error is not supported by argument or authority, it will not be considered by the appellate court.").

**III.**

**CONCLUSION**

Because none of the statutory or constitutional grounds Earl properly asserts on appeal support his contention that his time on probation should have been credited as time served, Earl has not shown that the district court erred by granting the State's motion for summary dismissal. Accordingly, the judgment summarily dismissing Earl's petition for post-conviction relief is affirmed.

Judge LANSING and Judge GRATTON **CONCUR.**