# IN THE COURT OF APPEALS OF THE STATE OF IDAHO

## Docket No. 42721

| | | |
|---|---|---|
| STATE OF IDAHO, | ) | 2015 Unpublished Opinion No. 760 |
| | ) | |
| Plaintiff-Respondent, | ) | Filed: December 16, 2015 |
| | ) | |
| v. | ) | Stephen W. Kenyon, Clerk |
| | ) | |
| JARED WEBSTER, | ) | THIS IS AN UNPUBLISHED |
| | ) | OPINION AND SHALL NOT |
| Defendant-Appellant. | ) | BE CITED AS AUTHORITY |
| | ) | |

Appeal from the District Court of the Seventh Judicial District, State of Idaho, Jefferson County. Hon. Gregory W. Moeller, District Judge.

Order denying I.C.R. 35 motion for reduction of sentence, <u>affirmed</u>.

Rigby, Andrus, & Rigby Law, PLLC; Sean P. Bartholick, Rigby, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Kenneth K. Jorgensen, Deputy Attorney General, Boise, for respondent.

_____

MELANSON, Chief Judge

Jared Webster appeals from the district court's denial of his Idaho Criminal Rule 35 motion for reduction of his sentence. Webster argues that he was denied due process when the district court denied the motion without hearing and that his counsel was ineffective by failing to set the matter for a hearing. For the reasons set forth below, we affirm.

## I.

## FACTS AND PROCEDURE

Webster pled guilty to felony injury to a child. I.C. §§ 18-1501(1) and 18-206. He was sentenced to a unified term of ten years, with a minimum period of confinement of four years. Webster appealed and this Court affirmed in an unreported opinion. *State v. Webster*, Docket No. 41695 (Ct. App. Aug. 18, 2014). Webster filed a Rule 35 motion for reduction of his sentence but took no further action. The district court denied the motion after approximately

eight and one-half months had passed and defense counsel had not scheduled a hearing on the motion. In its order, the district court noted that it lost jurisdiction over Webster and, even if the matter had been noticed for hearing, there appeared to be no legal or factual basis for disturbing the sentence already affirmed on appeal. Webster appeals.

## II.

## STANDARD OF REVIEW

When a trial court's discretionary decision is reviewed on appeal, the appellate court conducts a multi-tiered inquiry to determine: (1) whether the lower court correctly perceived the issue as one of discretion; (2) whether the lower court acted within the boundaries of such discretion and consistently with any legal standards applicable to the specific choices before it; and (3) whether the lower court reached its decision by an exercise of reason. *State v. Hedger*, 115 Idaho 598, 600, 768 P.2d 1331, 1333 (1989).

A motion for reduction of sentence under I.C.R. 35 is essentially a plea for leniency, addressed to the sound discretion of the court. *State v. Knighton*, 143 Idaho 318, 319, 144 P.3d 23, 24 (2006); *State v. Allbee*, 115 Idaho 845, 846, 771 P.2d 66, 67 (Ct. App. 1989). In presenting a Rule 35 motion, the defendant must show that the sentence is excessive in light of new or additional information subsequently provided to the district court in support of the motion. *State v. Huffman*, 144 Idaho 201, 203, 159 P.3d 838, 840 (2007). In conducting our review of the grant or denial of a Rule 35 motion, we consider the entire record and apply the same criteria used for determining the reasonableness of the original sentence. *State v. Forde*, 113 Idaho 21, 22, 740 P.2d 63, 64 (Ct. App. 1987).

## III.

## ANALYSIS

### A.    Due Process

Webster argues that the district court erred by denying his Rule 35 motion and, in so doing, violated his due process rights. Webster does not appear to challenge the district court's substantive holding--only that it was error for the district court to deny the motion without first holding a hearing. He asserts that his motion should have been decided on the merits, not on technicality or neglect. In support, Webster cites as authority *State v. Chapman*, 121 Idaho 351, 825 P.2d 74 (1992) and *State v. Day*, 131 Idaho 184, 953 P.2d 624 (Ct. App. 1998). However,

2

these cases address the trial court's limited duration of jurisdiction over Rule 35 motions and the burden borne by the defendant to precipitate action on the motion within a reasonable time frame. They do not address due process. Moreover, Webster has not cited any authority suggesting that, when trial courts deny a Rule 35 motion without hearing, due process is implicated.

The Due Process Clauses of the United States and Idaho Constitutions forbid the government from depriving an individual of life, liberty, or property without due process of law. U.S. CONST. amend. XIV; IDAHO CONST. art. I, § 13. To determine whether an individual's due process rights under the Fourteenth Amendment have been violated, courts must engage in a two-step analysis. *Bradbury v. Idaho Judicial Council*, 136 Idaho 63, 72-73, 28 P.3d 1006, 1015-16 (2001). The Court must first decide whether the individual's threatened interest is a liberty or property interest under the Fourteenth Amendment. *Id.* Only after a court finds a liberty or property interest will it reach the next step of analysis in which it determines what process is due. *Id.*

To have a constitutionally protected liberty interest, a person must clearly have more than an abstract need or desire for it; more than a unilateral expectation of it; and, instead, must have a legitimate claim of entitlement to it. *State v. Coassolo*, 136 Idaho 138, 143, 30 P.3d 293, 298 (2001); s*ee also Bd. of Regents v. Roth*, 408 U.S. 564, 577 (1972). The mere possibility that a sentence could be suspended or reduced is not a recognized protected liberty interest. *See Coassolo*, 136 Idaho at 143, 30 P.3d at 298 ("[W]hen the state has not given back a liberty interest, no due process is necessary to continue the denial of the liberty interest."). As noted previously, a Rule 35 motion is a defendant's plea for leniency addressed to the discretion of the trial court. A defendant does not possess a right to a hearing on the motion. *State v. Hoffman*, 112 Idaho 114, 115, 730 P.2d 1034, 1035 (Ct. App. 1986). Therefore, because Webster did not have a right to a hearing and had merely a hope that the district court would reduce his sentence, he did not possess a liberty interest under Rule 35. Therefore, Webster's due process claim fails. Accordingly, Webster has failed to show that the district court erred in denying his Rule 35 motion.

**B.     Ineffective Assistance of Counsel**

Webster argues that he was not provided effective assistance of counsel when his attorney failed to set his Rule 35 motion for hearing.  Webster has elected to raise this issue by direct appeal rather than by seeking post-conviction relief.  Ordinarily we do not address claims of ineffective assistance of counsel on direct appeal because the record is rarely adequate for review of such claims.  *Sparks v. State*, 140 Idaho 292, 296, 92 P.3d 542, 546 (Ct. App. 2004); *State v. Hayes*, 138 Idaho 761, 766, 69 P.3d 181, 186 (Ct. App. 2003).  The resolution of factual issues for the first time on appeal, based upon a trial record in which competence of counsel was not at issue, is at best conjectural.  *State v. Doe*, 136 Idaho 427, 433, 34 P.3d 1110, 1117 (Ct. App. 2001).   Such claims are more appropriately presented through post-conviction relief proceedings where an evidentiary record can be developed.  *State v. Mitchell*, 124 Idaho 374, 376, 859 P.2d 972, 974 (Ct. App. 1993).  Accordingly, we decline to address it further.

## IV.

## CONCLUSION

Webster has failed to show that the district court erred in denying his Rule 35 motion.  Webster's ineffective assistance of counsel claim is improper and we decline to address it.  Accordingly, the district court's order denying Webster's Rule 35 motion is affirmed.

Judge GUTIERREZ and Judge GRATTON, **CONCUR**.