822 P.2d 537

**STATE of Idaho, Plaintiff–Respondent,**

v.

**Travis Leroy WALKER, Defendant–Appellant,**

and

**Charles Edward Webster, Defendant.**

No. 18721.

Court of Appeals of Idaho.

Sept. 30, 1991.

Petition for Review Denied Jan. 27, 1992.

Alan E. Trimming, Ada County Public Defender, Mark F. Stewart, Trial Atty., for defendant-appellant.

Larry J. EchoHawk, Atty. Gen., James E. Leuenberger, Deputy Atty. Gen., for plaintiff-respondent.

SWANSTROM, Judge.

Travis Leroy Walker was found guilty by a jury of the crime of delivery of a controlled substance, marijuana. He received a one-year fixed sentence which was suspended, and he was placed on probation. Walker timely appealed from the judgment of conviction, claiming that the district court erred in admitting testimony about police surveillance that preceded his arrest, but which did not involve Walker. He also contends that the jury's verdict was not supported by substantial evidence. We affirm the judgment of conviction.

The facts of the case derived from the trial testimony are as follows. On July 26, 1989, Walker was sitting in a vehicle at Veterans Park in Boise when an undercover police officer approached. The officer first invited Walker to join him and his two friends (fellow undercover officers), but Walker declined. The officer then asked Walker if he had any marijuana, and Walker said he knew where he could get some. The officer and Walker arranged to meet

at the same place in the park the following day at noon for the buy.

The officer testified that, in preparation for the buy, he was outfitted with a body microphone and $250 in buy-money. Arrangements were made for him to be followed by other officers in a surveillance vehicle who would monitor and tape record the transaction. At the park, Walker got into the officer's vehicle, and they drove to Garden City to pick up the marijuana. The officer further testified that he gave $165 to Walker, who then left the vehicle and walked across a field to a trailer house. Walker came back to the vehicle with a man, who was introduced as Eddy, but the party from whom they were to buy the marijuana was not at home. After a short delay, however, Walker made a second trip to the trailer house, met Eddy there, and returned with the marijuana which he handed to the officer. Walker was placed under arrest for delivery of a controlled substance when he and the officer returned to the park.

Walker took the stand in his own defense and conceded that he was the middle man who brought together the buyer and the seller of the marijuana this one time, but he denied being a drug dealer. He also denied receiving anything for his part in the sale and claimed that he just wanted to be friendly in helping the officer to purchase some drugs. Essentially, Walker accepted the officer's account of the facts, but he described the way the officer approached him as entrapment, because the officer initiated the contact that led to the marijuana buy. The jury found Walker guilty of delivery of marijuana in violation of I.C. § 37-2732.

■ On appeal Walker first claims error in the admission of testimony by the officer that he had been participating in a police surveillance of a methamphetamine lab just before he met Walker at Veterans Park. The officer's first statement was in response to the prosecutor's question, "Can you tell me where you were and what you were doing on [July 26, 1989]?" No objection was made to the question or the answer which included the information that

the house under surveillance "was the home of a methamphetamine cook." However, when the prosecutor then asked, "What does it mean to be a methamphetamine cook?", Walker's counsel objected "to this as not related to this case." The district judge overruled defense counsel's objection, stating: "I think it's background. I think it's clear to the jury that this is not what the defendant is charged with. I will overrule the objection." The officer briefly explained what he meant, and then testified that the officers decided to break off the surveillance and "regroup" at Veterans Park to discuss their plans. Walker asserts that this evidence was not relevant to his case, that he was not in any way connected with the target of that investigation, and that such testimony was prejudicial.

The alleged error took place at the very start of the trial while the officer was being asked preliminary questions to "set the stage" for the jury, letting them know how and why the officers came to be at the place where they encountered Walker. Defense counsel's one objection to the testimony was made after the jury had already heard the evidence about the surveillance. Counsel did not renew his efforts to have the evidence excluded by means of a motion to strike. Although counsel's argument that irrelevant evidence is inadmissible, pursuant to I.R.E. 402, is accurate, we are unable to conclude in the context of this case that the district judge erred in allowing the testimony. Generally, some leeway is allowed even on direct examination for preliminary facts that do not bear directly on the legal issues, but merely provide background for the narrative, to give it interest and context. Here, there was no suggestion or attempt to suggest that Walker was tied into the surveillance, accordingly, the district judge perceived the testimony as harmless background. We agree, and we hold that the judge committed no error with regard to the admission of the evidence.

Walker's main argument on appeal, however, is that the evidence presented at trial was insufficient to support the verdict. He

contends that the evidence tending to show that he intended to commit the crime was outweighed by the evidence of the police conduct which the defense offered as proof of entrapment. Finally, by augmenting the record on appeal to include the jury instructions, Walker also asks us to review them to determine whether the entrapment instructions correctly informed the jury of the law.

 Idaho Appellate Rule 35 requires that an appellant identify the specific issues to be considered on appeal and present argument with citations to the authorities, statutes and parts of the transcript and record upon which the appellant relies. We will not search the trial record for unspecified error. *State v. Crawford,* 104 Idaho 840, 841, 663 P.2d 1142, 1143 (Ct.App.1983). Walker has not affirmatively shown how he was prejudiced by the court's instructions; therefore, we will not presume error. *State v. Burris,* 101 Idaho 683, 619 P.2d 1136 (1980); *State v. Bybee,* 115 Idaho 541, 768 P.2d 804 (Ct.App.1989).

 Initially it is the province of the jury to determine whether there is sufficient evidence to decide a defendant's guilt beyond a reasonable doubt. On appeal, the standard of review of a challenge to the sufficiency of the evidence is whether there is substantial evidence to support the jury's verdict. *State v. Aragon,* 107 Idaho 358, 690 P.2d 293 (1984). The function of the appellate court is not to substitute its judgment for that of the jury as to the credibility of the witnesses and the weight given the testimony by the jury. *State v. Clayton,* 101 Idaho 15, 607 P.2d 1069 (1980); *State v. Clay,* 112 Idaho 261, 731 P.2d 804 (Ct.App.1987). When the appeal challenges the sufficiency of the evidence to support a jury's guilty verdict, we must view the evidence in the light most favorable to the state. We will not disturb a jury verdict when there is substantial evidence to support the verdict and sustain the conviction. *See State v. Pierce,* 107 Idaho 96, 685 P.2d 837 (Ct.App.1984).

 In this case, Walker admitted he was the go-between in the consummation of the sale of marijuana. He accepted money from the officer in exchange for approximately one ounce of marijuana. The officer indisputably made the initial contact and inquired about marijuana, but Walker chose not only to participate, he set up the sale for the next day. We have no difficulty with the conclusion of the jury that Walker was guilty of "delivery" of a controlled substance. *See* I.C. § 37-2701(a)(2), (g). We hold that the evidence was sufficient to sustain the conviction.

We affirm the judgment of conviction.

WALTERS, C.J., concurs.

SILAK, Judge, specially concurring:

The admission of the so-called background testimony by the police officer about the surveillance of a methamphetamine lab was error because that testimony was irrelevant to any issue in the case. I believe, however, that the admission of the testimony was harmless error, because there was no reasonable possibility that the testimony contributed to the conviction. I.C.R. 52; *State v. Sharp,* 101 Idaho 498, 507, 616 P.2d 1034, 1043 (1980). Here, the evidence of the sale of marijuana was substantial, and the police officer testified on cross-examination that the methamphetamine lab surveillance had nothing to do with Walker.