920 P.2d 78

STATE of Idaho, Plaintiff–Respondent,

v.

Douglas Anthony KNIGHT,
Defendant–Appellant.

No. 21782.

Court of Appeals of Idaho.

July 10, 1996.

Featherston Law Firm, Sandpoint, for appellant.

Alan G. Lance, Attorney General; John C. McKinney, Deputy Attorney General, Boise, for respondent.

PERRY, Judge.

Douglas Anthony Knight was found guilty by a jury of felony driving under the influence of alcohol, I.C. §§ 18–8004, –8005(5), –8005(7), and received a unified sentence of five years, with a minimum period of confinement of two and one-half years. Knight appeals from the judgment of conviction. For the reasons explained below, we affirm.

## I.

### FACTS AND PROCEDURE

At approximately six o'clock in the evening on March 1, 1994, officer McDaniel of the Sandpoint Police Department responded to a radio call concerning a disturbance at a bar in Clark Fork. Officer McDaniel reached the bar within minutes and was met in the parking lot by a patron of the bar, who reported that the individual causing the disturbance had left. The patron urgently added that the individual had tried to run him over in the parking lot, that the individual was intoxicated and had children in the car with him. The patron described a blue, Ford Mustang-type car and provided the license plate number of the car. Officer McDaniel, who had remained in his vehicle, turned on his overhead lights and left in pursuit, heading west on Highway 200.

Officer McDaniel located a vehicle matching the description stopped sideways in the center of Highway 200, where the highway meets Pine Street. When the driver of the car tried to get out of the way of the police vehicle and moved into his own lane, officer McDaniel was able to see the car's license plate to confirm that this was the car he was looking for. The driver, who was later identified as Knight, continued westbound a short distance before he yielded to the overhead lights and pulled off the road. Officer McDaniel detected an odor of alcohol on Knight and observed behavior which led him to believe that Knight was intoxicated. Knight was arrested for driving under the influence (DUI). The breath alcohol concentration test which was administered shortly thereafter, revealed two readings of .10. Knight was charged separately with felony DUI and with misdemeanor obstructing an officer. I.C. § 18–705.

After consolidation of the two cases, Knight entered pleas of not guilty. Knight filed a "motion to dismiss," which was, in essence, a motion to suppress evidence, challenging the validity of the warrantless stop made by officer McDaniel. After a hearing, the district court denied the motion.

Knight was tried by a jury on the DUI charge; the obstructing charge was withdrawn by the prosecutor on the first day of trial. At the close of the defense's case, Knight moved the district court to strike all of the evidence obtained subsequent to the stop and to dismiss or declare a mistrial. Knight asserted that the testimony of other witnesses established officer McDaniel had perjured himself at the suppression hearing and at trial in testifying that he obtained the information from the bar patron before, not after, stopping Knight and making the arrest. The district court denied the motions. Knight was found guilty of DUI and sentenced to a unified five years, with a minimum term of confinement of two and one-half years.

Knight appeals from the judgment of conviction, raising three issues on appeal: (1) whether the district court erred in denying his motion to suppress; (2) whether the district court erred in denying his motion, made at the close of the trial, to strike the evidence obtained from officer McDaniel and to dis-

miss or declare a mistrial; and (3) whether the district court abused its discretion in refusing to allow surrebuttal testimony.

## II.

## ANALYSIS

### A. Motion to Suppress

■ Knight first argues on appeal that the denial of his motion to suppress is reversible error. Knight asserts that officer McDaniel made a warrantless stop, which was based on neither probable cause nor articulable suspicion, making any evidence obtained from the stop suppressible. Knight disputes that the stop was justified as a result of the report from the witness alleging that Knight was driving drunk and that Knight had nearly run him down in the parking lot. He also asserts that the warrantless stop was invalid because it did not satisfy the criteria of Idaho Code Section 19–603.

■ A trial court's decision on a motion to suppress presents mixed questions of law and fact. *State v. McAfee*, 116 Idaho 1007, 783 P.2d 874 (Ct.App.1989). On appeal from a trial court's ruling that a traffic stop was valid, we defer to the findings of fact when supported by substantial evidence and exercise free review over the lower court's determination of whether constitutional requirements were satisfied in light of the facts found. *State v. Rusho*, 110 Idaho 556, 716 P.2d 1328 (Ct.App.1986).

■ A traffic stop, which constitutes a seizure under the Fourth Amendment, must be supported by reasonable and articulable suspicion that the vehicle is being driven contrary to traffic laws or that either the vehicle or the occupant is subject to detention in connection with a violation of other laws. *State v. Naccarato*, 126 Idaho 10, 878 P.2d 184 (Ct.App.1994), *citing United States v. Cortez*, 449 U.S. 411, 101 S.Ct. 690, 66 L.Ed.2d 621 (1981); *Delaware v. Prouse*, 440 U.S. 648, 99 S.Ct. 1391, 59 L.Ed.2d 660 (1979). The reasonableness of the suspicion must be evaluated upon the totality of the circumstances at the time of the stop. *Id.*

The district court heard officer McDaniel's testimony at the suppression hearing that when he first spotted Knight's vehicle it was stopped, straddling the center line of Highway 200. In addition, the officer testified that the vehicle resembled the one which had just left the bar parking lot, according to the description given by the bar patron. The district court, in its colloquy, explained that the bar patron was known to the officer and known to be reliable. Further, considering the patron's excited state and that the event had just happened, the district court determined the patron's statements to be credible. The district court found that, based on the information received from the bar patron, officer McDaniel had reasonable and articulable suspicion to do a brief detention pursuant to *Terry v. Ohio*, 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968). From the facts set forth in the record, we also conclude that at the time of the stop, the officer possessed reasonable articulable suspicion of criminal activity.

■ Knight further maintains that the stop was invalid pursuant to I.C. § 19–603, which sets forth when a peace officer may arrest without a warrant.[1] Knight devotes

1. Idaho Code Section 19–603 provides:
   A peace officer may make an arrest in obedience to a warrant delivered to him, or may, without a warrant, arrest a person:
   1. For a public offense committed or attempted in his presence.
   2. When a person arrested has committed a felony, although not in his presence.
   3. When a felony has in fact been committed and he has reasonable cause for believing the person arrested to have committed it.
   4. On a charge made, upon a reasonable cause, of the commission of a felony by the party arrested.
   5. At night, when there is reasonable cause to believe that he has committed a felony.

   6. When at the scene of a domestic disturbance there is reasonable cause to believe, based upon physical evidence observed by the officer or statements made in the presence of the officer upon immediate response to a report of a commission of such a crime, that the person arrested has committed a violation of section 18–902 (assault), 18–903 (battery), 18–918 (domestic assault or battery), 18–7905 (stalking), or 39–6312 (violation of a protection order).
   7. When there is reasonable cause to believe, based upon physical evidence observed by the officer or statements made in the presence of the officer upon immediate response to a report of a commission of a crime aboard an

the larger part of his brief to arguing that I.C. § 19–603 provides for a warrantless arrest where the officer witnessed the commission of the crimes or where the crimes committed outside the presence of the officer were felonies, neither of which is the case here. Idaho Code Section 19–603 has no application to the question of the legitimacy of the stop in this case, the only question which was before the district court on the suppression motion. Moreover, any assertion by Knight that probable cause was required to support the investigative stop is a misstatement of the law. *See Terry v. Ohio,* 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968); *State v. Pick,* 124 Idaho 601, 605, 861 P.2d 1266, 1270 (Ct.App.1993).

## B. Motion to Strike and to Dismiss or Declare a Mistrial

■ Next, we turn to Knight's argument that the district court "should have at least stricken all of the evidence acquired as a result of the stop, and either dismissed the complaint, or in the alternative, declared a mistrial." Without further argument and specific citation to authorities, statutes and portions of the transcript, we will not consider the issue on appeal. I.A.R. 35(a)(6); *State v. Burris,* 101 Idaho 683 n. 1, 619 P.2d 1136 n. 1 (1980); *State v. Walker,* 121 Idaho 18, 822 P.2d 537 (Ct.App.1991).

## C. Denial of Surrebuttal Testimony

■ As his final issue on appeal, Knight contends that the district court erred in denying the surrebuttal testimony of Donna Perry. Knight asserts that the proposed testimony sought to counter the testimony from Sharon Glaze that she had observed Knight enter a liquor store after dropping off Perry's daughter. He argues that the surrebuttal testimony was critical to the question of how much alcohol Knight had to drink prior to his arrest for DUI.

■ "Within limits, the [trial] judge may control the scope of rebuttal testimony; may refuse to allow cumulative, repetitive, or irrelevant testimony; and may control the scope of examination of witnesses." *Geders*

aircraft, that the person arrested has commit-

*v. United States,* 425 U.S. 80, 86–87, 96 S.Ct. 1330, 1334, 47 L.Ed.2d 592 (1976) (citations omitted). The trial court may exclude evidence, although relevant, if its probative value is substantially outweighed by the danger of needless presentation of cumulative evidence. I.R.E. 403. The trial court's determination under this section will not be disturbed absent an abuse of discretion. *State v. Birkla,* 126 Idaho 498, 887 P.2d 43 (Ct. App.1994); *State v. Matthews,* 124 Idaho 806, 864 P.2d 644 (Ct.App.1993).

The record shows that Knight had previously presented the testimony of Perry, who was in the car with Knight on the evening of his arrest. Perry denied that she and Knight had stopped at a liquor store. In rebuttal, the state called Glaze to the stand to testify that she had seen Knight go into the liquor store prior to the stop and his subsequent arrest for DUI. Knight thereafter attempted to recall Perry on surrebuttal. The district court convened a side bar conference, which was not transcribed for the record. The district court then denied the proposed surrebuttal on the grounds that the testimony would have been repetitive of evidence already in the record. Failure to allow repetitive questioning on surrebuttal was not an abuse of the court's discretion. *See Nauni v. State,* 670 P.2d 126, 131 (Okla.Crim. App.1983). Perry had previously been examined about Knight's consumption of alcohol the night of the incident. A trial judge need not allow a rehash of testimony given during the case in chief. *Nauni,* 670 P.2d at 131. The district court did not err in denying Knight's surrebuttal testimony.

## III.

## CONCLUSION

We hold that the evidence obtained pursuant to the stop of Knight's vehicle was admissible. We conclude that the district court did not err in denying the motion to suppress or in denying the surrebuttal testimony. Accordingly, we affirm the judgment of conviction.

ted such a crime.

WALTERS, C.J., concurs.

LANSING, J., concurs in result.