**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 48151**

| | |
|---|---|
| STATE OF IDAHO, | ) |
| | ) **Filed: April 21, 2022** |
| Plaintiff-Respondent, | ) |
| | ) **Melanie Gagnepain, Clerk** |
| v. | ) |
| | ) **THIS IS AN UNPUBLISHED** |
| RENE RODRIGUEZ, | ) **OPINION AND SHALL NOT** |
| | ) **BE CITED AS AUTHORITY** |
| Defendant-Appellant. | ) |
| | ) |

Appeal from the District Court of the Fifth Judicial District, State of Idaho, Blaine County. Hon. Ned C. Williamson, District Judge.

Judgment of conviction for child sexual abuse of a minor, four counts of lewd conduct with a child, and rape, <u>affirmed</u>.

Eric D. Fredericksen, State Appellate Public Defender; Ben P. McGreevy, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Kale D. Gans, Deputy Attorney General, Boise, for respondent.

_____

GRATTON, Judge

Rene Rodriguez appeals from his judgment of conviction for one count of child sexual abuse of a minor under the age of sixteen, Idaho Code § 18-1506; four counts of lewd conduct with child under the age of sixteen, I.C. § 18-1508; and one count of rape, I.C. § 18-6101(2). We affirm.

**I.**

**FACTUAL AND PROCEDURAL BACKGROUND**

Rodriguez's adopted daughter, S.R., alleged Rodriguez sexually abused her when S.R. was between the ages of nine and seventeen. At the age of nine, S.R. disclosed the abuse to her mother in either 2005 or 2006. Nothing came of that disclosure. S.R. did not disclose again until 2018.

The State charged Rodriguez with one count of child sexual abuse of a minor, four counts of lewd conduct, and one count of rape. Prior to trial, the State filed a motion to admit certain

1

evidence which included evidence that explained why S.R. decided to disclose in 2018. S.R. heard from her brother that her younger sister[1] was sleeping in Rodriguez's bed. Out of concern for her sister, S.R. disclosed to her mother and later disclosed to the Idaho Attorney General's Office. The district court admitted the evidence over objection by Rodriguez.

S.R testified about her sister as follows:

A. They were super excited about the new house that [Rodriguez] had gotten and that--they were telling us about their rooms.
Q. And did they tell you about [your sister's] room?
A. They stated that she was sleeping in [Rodriguez's] bed, but that she had her own bed, that he preferred her to sleep in his bed.
Q. Now, was this unusual information to you?
A. I found it unusual, yes.
Q. Have you ever known [your sister] to sleep with or cuddle with people?
A. She loves to cuddle, but typically when she has her own bed, we can get her to stay in that.
Q. So that's something that the family is aware of?
A. Yes.
Q. It's difficult to keep her in her own bed . . . .
A. Yes.

During trial, S.R.'s testimony was clear that she had only disclosed to her mother in 2005 or 2006 and then again in 2018. She did not tell anyone else of the abuse until she reported the abuse to the Attorney General's Office in 2018. The State's expert witness testified generally about delayed disclosure in child sexual abuse cases. The expert witness also testified as to how grooming, "parentification," and family dynamics relate to delayed disclosure.

Later in the trial, Rodriguez sought to introduce evidence of an incident when S.R. threatened suicide and Rodriguez took her to Intermountain Hospital. Rodriguez argued the evidence was relevant to show that S.R. was hospitalized for a week and yet never took the opportunity to disclose the alleged abuse. The State argued that allowing this evidence would open the door to other evidence that had previously been excluded by the district court under Idaho Rule of Evidence 404(b). The district court excluded the evidence.

At the conclusion of the trial, the jury found Rodriguez guilty of one count of child sexual abuse of a minor, four counts of lewd conduct, and one count of rape. Rodriguez timely appeals.

---

[1] Rodriguez is the sister's biological father.

## II.

## ANALYSIS

Rodriguez makes three arguments on appeal. First, Rodriguez argues that the district court erred when it allowed testimony of S.R.'s sister spending nights with Rodriguez. Second, Rodriguez argues the district court erred when it excluded testimony that S.R. was hospitalized for a week and did not take that opportunity to disclose the alleged abuse. Lastly, Rodriguez concludes that even if both errors are found to be harmless, together they constitute cumulative error. We address each of these contentions below.

**A.      S.R's Testimony Regarding Her Sister Sleeping in Rodriguez's Bed**

Rodriguez argues the district court did not act consistently with applicable legal standards when it admitted testimony that S.R. disclosed in 2018 because she heard her sister was sleeping in the same bed as Rodriguez. Rodriguez first contends that the jury was very likely to consider this a bad act and therefore the jury may assume there are more victims making it more likely that Rodriguez is guilty in this case. Second, evidence suggesting other potential victims may confuse the issues and mislead the jury from the issue of guilt or innocence in this case. Rodriguez argues that the probative value of the evidence is substantially outweighed by its unfair prejudice and the district court failed to conduct the proper balancing under the applicable legal standards.

The evidence rule in question, I.R.E. 404(b), provides:

> (1)      Prohibited Uses. Evidence of a crime, wrong, or other act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character.
> (2)      Permitted Uses; Notice in a Criminal Case. This evidence may be admissible for another purpose, such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident. In a criminal case, the prosecutor must:
>> (A) file and serve reasonable notice of the general nature of any such evidence that the prosecutor intends to offer at trial; and
>> (B) do so reasonably in advance of trial--or during trial if the court, for good cause shown, excuses lack of pretrial notice.

This rule prohibits introduction of evidence of acts other than the crime for which a defendant is charged if its probative value is entirely dependent upon its tendency to demonstrate the defendant's propensity to engage in such behavior. *State v. Grist*, 147 Idaho 49, 54, 205 P.3d 1185, 1190 (2009). Of course, evidence of another crime, wrong, or act may implicate a person's character while also being relevant and admissible for some permissible purpose, such as those listed in the rule. *See State v. Pepcorn*, 152 Idaho 678, 688-89, 273 P.3d 1271, 1281-82 (2012).

3

When determining the admissibility of evidence to which an I.R.E. 404(b) objection has been made, the trial court must first determine whether there is sufficient evidence of the other acts that a reasonable jury could believe the conduct actually occurred. If so, then the court must consider: (1) whether the other acts are relevant to a material and disputed issue concerning the crime charged, other than propensity; and (2) whether the probative value is substantially outweighed by the danger of unfair prejudice. *Grist*, 147 Idaho at 52, 205 P.3d at 1188; *State v. Parmer*, 147 Idaho 210, 214, 207 P.3d 186, 190 (Ct. App. 2009). On appeal, this Court defers to the trial court's determination that there is sufficient evidence of the other acts if it is supported by substantial and competent evidence in the record. *Parmer*, 147 Idaho at 214, 207 P.3d at 190.

The district court wrote in its order:

> For the reasons stated on the record, the Court finds that the brother's statement can be offered for a non-hearsay purpose to show the effect on the listener, S.R. Therefore, in the exercise of its discretion, the Court grants the State's request to admit the evidence of the conversation between S.R. and S.R.'s brother about the younger sister sleeping in the Defendant's bed.
>
> The Court also finds that the evidence satisfies the two-tiered analysis for the admission of 404(b) bad acts. . . . Under the first element of the first tier of the analysis, the source of the evidence is sufficiently reliable because it is in the form of sworn grand jury testimony. Under the second element of the first tier, the Court finds that the evidence is relevant under I.R.E. 401.
>
> . . . .
>
> Under the second tier of the analysis, the Court finds that the probative value of the evidence substantially outweighs any of the enumerated reasons allowing exclusion of evidence described in I.R.E. 403. As noted by [the Court in *State v. Diggs*, 141 Idaho 303, 108 P.3d 1003 (Ct. App. 2005)], the underlying reason for the belated disclosure is the evidence that S.R.'s younger sister was sleeping in the Defendant's bed, which in turn impacts the credibility of the victim witness. As in many sex abuse cases, credibility of S.R. will be a key issue in this case. Therefore, the proffered evidence has significant probative value. The prejudice to the Defendant is less than the prejudice to the defendant in *Diggs*. In this case, the allegation is that Defendant was sleeping with S.R.'s younger sister, which may be an innocent act. In contrast, the evidence in *Diggs* was that the defendant was starting to molest the younger sibling, which is not an innocent act. Consequently, the Court finds the prejudicial impact on the Defendant in this case involving this alleged bad act to be considerably less than the impact on the defendant in *Diggs* which was substantially outweighed by the probative value of similar evidence. In addition, the Court finds that the evidence will assist the jury, not confuse the jury. Moreover, the Court will provide a limiting instruction to the jury . . . .

In this case, Rodriguez does not challenge the existence of his daughter sleeping in bed with him as an established fact or the relevancy of the testimony. Therefore, we address only the unfair

prejudice issue. The trial court's balancing of the probative value of the evidence against the danger of unfair prejudice will not be disturbed unless we find an abuse of discretion. *State v. Norton*, 151 Idaho 176, 190, 254 P.3d 77, 91 (Ct. App. 2011). When a trial court's discretionary decision is reviewed on appeal, the appellate court conducts a multi-tiered inquiry to determine whether the trial court: (1) correctly perceived the issue as one of discretion; (2) acted within the boundaries of such discretion; (3) acted consistently with any legal standards applicable to the specific choices before it; and (4) reached its decision by an exercise of reason. *State v. Herrera*, 164 Idaho 261, 270, 429 P.3d 149, 158 (2018). Rodriguez argues that since the probative value of the evidence was substantially outweighed by the dangers of unfair prejudice, confusing of the issues, and misleading the jury, the evidence was inadmissible under I.R.E. 403 and, thus, the district court did not act consistently with the applicable legal standards when it admitted the evidence. We conclude that the district court correctly found that the delayed disclosure evidence had significant probative value that was not outweighed by any risk of unfair prejudice and acted consistently with applicable legal standards and within the bounds of its discretion in admitting the evidence.

The district court compared this Court's holding in *Diggs*, 141 Idaho 303, 108 P.3d 1003 to the facts and circumstances of this case. In *Diggs*, the victim testified his delayed disclosure was prompted because the defendant was beginning to molest his three-year-old sibling. *Id.* at 304, 108 P.3d at 1004. We held the district court did not err when it denied the defendant's motion for mistrial because the evidence was relevant and the prejudice did not substantially outweigh the probative value. *Id.* at 306, 108 P.3d at 1006.

In *Diggs*, and in this case, the probative value of the challenged evidence was to explain the delayed disclosure acknowledging that the delay could affect credibility to the jury. Here, the district court first determined that the evidence had "significant" probative value as to S.R.'s credibility which it deemed "a key issue in the case." Before deciding to admit the evidence, the district court also considered the prejudicial effect of the evidence. The district court correctly reasoned that Rodriguez sleeping with his biological daughter could be an innocent act and much less prejudicial than the evidence in *Diggs* of the defendant molesting the victim's sibling.

As noted, Rodriguez argues that the evidence that he shared his bed with his daughter is very likely to be considered a bad act by the jury. However, Rodriguez initially argued to the district court that the evidence did not suggest a wrongful act, but a perfectly natural act between

a father and daughter, although one that could be taken as a wrongful act. S.R. acknowledged that it can be difficult to keep her sister in her own bed. The district court agreed that the daughter sleeping in Rodriguez's bed may have been an innocent act. But, in balancing the significantly probative nature of the evidence against the possibility of prejudicial impact, the district court reasonably concluded that any such prejudice did not outweigh the probative value of the evidence. Moreover, the indisputably bad act evidence in *Diggs* of molestation was much worse than the sharing of a bed in this case. Since the risk of unfair prejudice in *Diggs* did not result in exclusion of the evidence, the district court acted consistently with the applicable legal standards in applying I.R.E. 403 and admitting the evidence in this case

Finally, in *Diggs*, the Court noted that a limiting instruction had been given to the jury. *Diggs*, 141 Idaho at 306, 108 P.3d at 1006. In this case, the district court instructed the jury on two occasions that the sole purpose of the evidence was consideration of the reason and timing of S.R.'s disclosure. Juries are presumed to follow the instructions of the court. *State v. Hall*, 163 Idaho 744, 807, 419 P.3d 1042, 1105 (2018).

Because the district court properly weighed the potential for prejudice against the probative value of the evidence, and because the district court took steps to mitigate the potential for unfair prejudice, we conclude that the district court did not abuse its discretion in admitting testimony that S.R.'s younger sister was sleeping in the same bed as Rodriguez.

## B.     Evidence Regarding S.R.'s Failure to Disclose During Hospitalization

Rodriguez argues the district court abused its discretion when it excluded evidence that S.R. was hospitalized for a week and never reported the abuse during that time. Rodriguez contends, contrary to the district court finding, that the probative value of this evidence was significant because it contradicted the State's expert witness that explained delayed disclosures may be due to isolation and grooming of a child victim. Rodriguez argues the week in the hospital presented a disclosure opportunity in a neutral setting. Rodriguez argues the evidence was highly probative on the issue of S.R.'s credibility. In addition, Rodriguez argues the district court erred in finding that admitting the evidence would be prejudicial because it would open the door to State's I.R.E. 404(b) evidence--which had previously been excluded.[2]

---

[2]     The excluded I.R.E. 404(b) evidence was uncharged abuse of S.R. by Rodriguez.

The district court ruled that the evidence was inadmissible:

> There was a question about an incident involving a knife and I know where that's going now. I find the probative value of that testimony to be minimal, particularly in light of the record that we have, the value that the defense wanted-- the defense is arguing that it shows a continued pattern of nondisclosure when there was an opportunity to disclose, and I understand that. But to begin with, the evidence is pretty clear from, I think, all sources there's been no disclosure. That's established. . . . So there's a big gap in time. That's established. . . .
>
> Now, I think the danger here is if this is--if the testimony is allowed, then the State will be allowed to bring in evidence that I excluded under 404(b), and I say that primarily based on the testimony from the CARES expert who talked about grooming and fears--well, the reasons for nondisclosure or delayed disclosure. . . .
>
> So I'm not going to allow this evidence or this line of questioning. I do so based on 401 and 404(3) [sic][3], and it's done in the exercise of the Court's discretion. Under 404(3) [sic], when I look at the balancing that I need to do, I do think this would be cumulative evidence. I think it would be unfair prejudice, frankly, to the defendant if this was allowed and unfair prejudice to the State if I did not allow the 404(b) evidence.

The trial court has broad discretion in determining the admissibility of testimonial evidence. *State v. Smith*, 117 Idaho 225, 232, 786 P.2d 1127, 1134 (1990). A decision to admit or deny such evidence will not be disturbed on appeal absent a clear showing of abuse of that discretion. *Id.*

To be admissible, evidence must be relevant. I.R.E. 401 and I.R.E. 402. Evidence that tends to prove the existence of a fact of consequence in the case, and has any tendency to make the existence of that fact more probable than it would be without the evidence is relevant. *State v. Hocker*, 115 Idaho 544, 547, 768 P.2d 807, 810 (Ct. App. 1989). But even relevant evidence may be excluded, in a court's discretion, "if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." I.R.E. 403. "The trial court may exclude evidence, although relevant, if its probative value is substantially outweighed by the danger of needless presentation of cumulative evidence." *State v. Knight*, 128 Idaho 862, 865, 920 P.2d 78, 81 (Ct. App. 1996).

We conclude that the district court made a reasoned decision that was consistent with applicable legal standards and within the bounds of its discretion. The district court found the

---

[3]    It appears the district court misspoke and meant 403 not 404(3) due to the reference to cumulative evidence.

hospital testimony had minimal probative value[4] largely because of the cumulative nature of the evidence. The district court stated: "the defense is arguing that it shows a continued pattern of nondisclosure when there was an opportunity to disclose, and I understand that. But to begin with, the evidence is pretty clear from, I think, all sources there's been no disclosure." S.R. testified that there were no disclosures prior to 2018 other than to her mom in either 2005 or 2006. Rodriguez acknowledged that S.R. had attended doctors and counseling appointments on occasion prior to her hospitalization without any apparent disclosure at those times. As the district court correctly noted, there was no dispute about delayed disclosure and the opportunities S.R. had to disclose and evidence as to another specific occasion of nondisclosure was merely cumulative.

Next, the district court found the testimony would be prejudicial for both parties because it could open the door to the State's excluded I.R.E. 404(b) evidence. Rodriguez argues that is not true, the previously excluded evidence would remain inadmissible due to lack of reliability or mere propensity. The State argues the excluded I.R.E. 404(b) evidence would be necessary to rebut the hospital testimony because its expert testified that isolation and grooming through a historical pattern of abuse could explain delayed or nondisclosure by a victim. If the hospital testimony about nondisclosure was admitted then the district court found prejudice to the State if it was not allowed to rebut such evidence with the previously excluded evidence showing a pattern of abuse and grooming. Alternatively, if the State was permitted to proffer evidence of uncharged abuse by Rodriguez to rebut Rodriguez's argument that S.R. was not isolated or groomed, then Rodriguez would be prejudiced by the prior bad act evidence. The district court weighed the probative value of the evidence against its prejudice and logically reasoned the evidence should be excluded. The district court, applying applicable legal standards, acted within the bounds of discretion by excluding the evidence of S.R.'s hospitalization.

## C.    Rodriguez Has Not Established Cumulative Error

Finally, Rodriguez argues that even if his alleged errors individually do not warrant a reversal, there was an accumulation of error which in aggregate show that Rodriguez did not receive a fair trial. Rodriguez asserts that the cumulative error doctrine applies necessitating a

---

[4]     Rodriguez initially argued in the district court that the lack of disclosure was significant because S.R. had been thoroughly evaluated at Intermountain Hospital yet did not disclose. However, with no evidence of such evaluation, Rodriguez acknowledged that the evidence simply showed a time frame of isolated care without disclosure.

reversal of his judgment of conviction. Rodriguez has failed to demonstrate at least two errors, a necessary predicate to the application of the cumulative error doctrine. Thus, he is not entitled to reversal under the cumulative error doctrine.

## III.

## CONCLUSION

Rodriguez has failed to show the district court abused its discretion when admitting and excluding the challenged evidence. We affirm Rodriguez's judgment of conviction for one count of child sexual abuse of a minor under the age of sixteen, four counts of lewd conduct with child under the age of sixteen, and one count of rape.

Judge HUSKEY and Judge BRAILSFORD **CONCUR**.